IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEROME COAST, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-cv-309 (MTT) |
| | ) |
| DEPARTMENT OF CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On February 18, 2025, United States Magistrate Judge Amelia Helmick recommended dismissing all of Jerome Coast's claims except for his claims of excessive force and deliberate indifference to medical needs against defendants Calhoun and Asanie. Doc. 13. After the time for filing objections passed, the Court adopted the Magistrate Judge's recommendation, reviewing it for clear error. Doc. 16. Now, one week after the deadline, Coast objects. Doc. 17. The Court construes Coast's untimely objection as a motion for reconsideration of the Court's prior Order (Doc. 16).

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an

intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.* "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, Coast has not pointed to any intervening change in the law, newly discovered evidence, or clear error by the Court. Thus, Coast's motion for reconsideration is **DENIED.**

Further, even if Coast's objection had been timely, the result would be the same. The Magistrate Judge recommended dismissing Coast's claims against Jackson, Coswell, Williams, Ford, and Jones because those claims were unrelated to Coast's remaining excessive force and deliberate indifference to medical needs claims. Doc. 13 at 17. Coast's objection states that he "feel[s] like its all related." Doc. 17 at 1. He then states, "[m]aybe I should have…filed…on the totality of the conditions theory." *Id.* Coast eventually concedes that he understands "what [the Magistrate Judge is] saying about logical relationship between incidents" and that he will "think about things and refile against other defendants." *Id.* at 2. Aside from stating that he feels like all of his claims are related, Coast raises no issues with the legal conclusions or factual findings of the Magistrate Judge.

However, to the extent Coast intended to object to the Magistrate Judge's conclusion that his claims against Jackson, Coswell, Williams, Ford, and Jones should be dismissed, his objection would have failed. Coast's claims against the dismissed

defendants arose out of conduct including physical violence, threats, discrimination, improperly giving Coast's mail to other inmates, and more. Doc. 8 at 7–9. His remaining claims against Calhoun and Asanie relate to his allegations that the two defendants sprayed him with pepper spray and left him locked in his cell for approximately 45 minutes. *Id.* at 3. Coast did not allege that any of the dismissed defendants were involved in that incident. Doc. 10. Thus, his claims against the dismissed defendants did not arise out of the same transaction or occurrence as his claims against Calhoun and Asanie. Accordingly, those claims were properly dismissed. *See* Fed. R. of Civ. P. 20(a)(2).

In conclusion, the Court construes Coast's untimely objection (Doc. 17) as a motion for reconsideration, which is **DENIED**. But even if Coast had timely objected, the Court would still adopt the Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court reviewed de novo the portions of the recommendation to which Coast objected. The Court still accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

**SO ORDERED**, this 15th day of April, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT