**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **JEROME COAST, JR.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:24-CV-309 (MTT)** |
| | ) | |
| **ANSINE ASANIE , *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

On February 9, 2026, United States Magistrate Judge Amelia G. Helmick recommended granting the Defendants' motion for judgment on the pleadings. ECF 38. Having received no objection, the Court entered an Order adopting the Recommendation on March 13, 2026. ECF 41. Judgment was entered that day. ECF 42. On March 26, 2026, the Court received Coast's objection, which is dated March 4, 2026. ECF 64; 64-1 at 1. Because Coast timely filed his objection,[1] the Court **VACATES** its prior Order (ECF 41) and Judgment (ECF 42). Pursuant to 28 U.S.C. § 636(b)(1), the Court now reviews the Magistrate Judge's Recommendation (ECF 38) de novo.

In the Recommendation, the Magistrate Judge concluded that Coast's claims were subject to dismissal because he failed to file a grievance related to the incident

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Absent evidence to the contrary," courts must "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

from which his claims arose and, thus, failed to exhaust his administrative remedies. ECF 38 at 13. In his objection, Coast claims he did file a related grievance as well as two additional statements that were not recorded. ECF 43 at 1. Coast's objection fails for the following reasons.

First, assuming Coast filed the alleged grievance, there is no evidence in the record that Coast fully exhausted that grievance. "To exhaust administrative remedies in accordance with the PLRA, prisoners must properly take each step within the administrative process. If the initial grievance is denied, prisoners must then file a timely appeal." *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation modified). The Georgia Department of Corrections' two-step grievance process requires an inmate to appeal a grievance to the Central Office if it is rejected or if the Warden does not respond within 40 days. ECF 28-3 at 11, 14. Thus, to properly exhaust, Coast should have waited 40 days after he filed his grievance and, after receiving no response, filed a Central Appeal. However, Coast filed his complaint 19 days after the incident giving rise to this action without attempting to appeal. ECF 1; 8 at 1. Thus, even if Coast filed an original grievance related to this action, there is no evidence that the grievance was fully exhausted.

Second, to the extent Coast maintains that his administrative remedies are unavailable, he has not met his burden to demonstrate subjective and objective unavailability.[2]  Because the testimony of the prison's grievance coordinator and Coast's own grievance history established that the grievance process was generally

---

[2] Coast does not object to the Magistrate Judge's conclusion that he failed to provide evidence of unavailability. ECF 43 at 1-2. However, he continues to maintain that he filed a grievance that was not recorded, and that prison staff have conspired against him.

available, "the burden going forward shifts to [Coast], who … must demonstrate the grievance procedure was 'subjectively' and 'objectively' unavailable to him." *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1357 (11th Cir. 2020) (quoting *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008)); *See* ECF 36-1; 36-2; 36-3; 36-4; 36-5. Coast does not point to specific facts that suggest the grievance procedure was subjectively or objectively unavailable to him. Particularly not where, as here, Coast filed several grievances in the weeks both before and after the incident giving rise to this claim. Thus, Coast has not demonstrated that his administrative remedies were unavailable.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (ECF 38) is **ADOPTED** and made the Order of the Court. The Defendants' motion for judgment on the pleadings (ECF 28) is **GRANTED**.

**SO ORDERED**, this 20th day of April, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT